IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES WHEAT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 5:15-CV-0294-MTT-MSH |
| VS. | : | |
| | : | |
| The PUBLIC DEFENDERS OFFICE | : | |
| and WASHINGTON COUNTY LAW | : | |
| ENFORCEMENT INVESTIGATION | : | |
| DEPARTMENT,[1] | : | |
| | : | |
| Defendants. | : | |

## ORDER

Plaintiff James Wheat, a pretrial detainee at the Washington County Jail in Sandersville, Georgia, has filed a pleading in this Court complaining about his criminal defense attorney and ongoing prosecution in the Washington County Superior Court. After a review of the pleading, the Court liberally construes it to be a complaint brought pursuant to 42 U.S.C. § 1983.[2]  However, for those reasons discussed herein, the Court must abstain from considering Plaintiff's claims.  The Court additionally finds that a stay of Plaintiff's claims for damages under *Younger v. Harris*, 401 U.S. 37, 43 (1971), would be inappropriate, as Plaintiff has not named defendants that may be sued under § 1983 or

---

[1] Plaintiff did not name any defendant in the caption of his Complaint, but he does request damages from the "Public Defender's Office" and the "Washington County Law Enforcement Investigation Department." The Clerk is thus **DIRECTED** to correct the docket to show these entities as presumed defendants in this action.

[2] The Clerk is therefore also **DIRECTED** to show this case as a § 1983 action in Court records.

made any allegations against the parties from whom he seeks monetary relief. Plaintiff's Complaint shall therefore be **DISMISSED**.

**I.      Standard of Review**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, however, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed the plaintiff's favor, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56(2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim. *See id.* "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## II.     Plaintiff's Pleading

The present action arises out of Plaintiff's ongoing criminal prosecution in the Washington County Superior Court.   In his pleading, Plaintiff requests (1) that his current public defender be disqualified; (2) that he be provided a speedy trial in state court; and (3) that he be awarded $25,000,000 in compensatory damages from the "Public Defender's Office" and the "Washington County Law Enforcement Investigation Department" for the "pain and suffering" caused by alleged violations of his constitutional rights.

When this pleading was received by the Court, it was docketed as a habeas petition. Upon the review of the pleading, however, it is clear that Plaintiff does not seek habeas relief.   He is neither challenging the legality of his confinement nor asserting a right to an immediate or speedier release.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  The Court thus liberally construes the pleading to be a § 1983 complaint for damages and injunctive or mandamus[3] relief, not a habeas action. Under either construction, however, this Court is unable to consider Plaintiff's claims.

In the case of *Younger v. Harris*, 401 U.S. 37, 43 (1971), the United States Supreme Court mandated that the district courts refrain from interfering with ongoing criminal prosecutions when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Id.*   *See also Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (extending *Younger* to § 1983 actions for money damages).  The rule is

---

[3] "While the common-law writ of mandamus authorizes an independent action at law for mandamus relief, this does not preclude a request for mandamus relief in an action seeking other relief. Nor does the language of 28 U.S.C. § 1361, which confers jurisdiction over 'any action in the nature of mandamus' (emphasis added), require that a separate action be filed." *U.S. ex rel. Rahman v. Oncology Assoc., P.C.*, 198 F.3d 502, 508 (4th Cir. 1999).

premised upon a fundamental "public policy against federal interference with state criminal prosecutions."  *Younger,* 401 U.S. at 43.

The *Younger* abstention rule applies here. Plaintiff's criminal prosecution is still ongoing, and his claims can be adequately addressed in his state criminal case.  Any decision by this Court with respect to the issues raised in Plaintiff's Complaint would substantially interfere with, and potentially undermine, the results reached in the state court criminal proceedings.   Plaintiff has also failed to identify any threat of irreparable harm in this case.  Irreparable harm, as contemplated by *Younger*, is not suffered simply because a defendant will have to endure criminal prosecution.  *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996).  *See also Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

Claims for injunctive relief are properly dismissed when *Younger* applies*.  See Gibson v. Berryhill*, 411 U.S. 564, 577 (1973).  In cases involving claims for damages, however, the common practice is to stay the federal proceeding until the criminal case has ended.  *Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Deakins v. Monaghan*, 484 U.S. 193, 194 (1987).  Still, dismissal, rather than a stay, of damages claims is appropriate if the plaintiff fails to allege "injuries under federal law sufficient to justify the District Court's retention of jurisdiction." *Marts v. Hines*, 68 F.3d 134, 135 (5th Cir. 1995) on reh'g en banc, 117 F.3d 1504 (5th Cir. 1997) (quotation omitted).  *See e.g*., *Boyd v. Farrin*, 575 Fed. App'x. 517 (5th Cir. 2014).  *See e.g., Clay v. Missouri*, No. 4:13CV1471 CEJ, 2014 WL 260097, at *4 (E.D. Mo. Jan. 23, 2014) (finding that a stay was not required by *Younger* if the plaintiff's claims are subject to dismissal as legally frivolous).  *See also* 28 U.S.C. § 1915A (requiring district court to review and dismiss frivolous complaints).

In this case, the Court finds that a stay is unnecessary: Plaintiff's damages claims are frivolous and thus fail to justify the Court's retention of jurisdiction. Though not named as parties in the caption of the Complaint, Plaintiff does clearly request that the "Public Defender's Office" and "Washington County Law Enforcement Investigation Department" be made to pay damages in the amount of $25,000,000 (presumably for the conduct of his public defender and law enforcement investigator). Neither the Public Defenders' Office nor the "Investigator Department" is a "person" or entity that may be sued under § 1983. *C.f.*, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defender does not "act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (sheriffs departments are not legal entities subject to suit).

Even if Plaintiff's damages claim against the "Investigator Department" must be liberally construed as a claim against Washington County, municipal entities still may not be held "liable under § 1983, merely as a matter of *respondeat superior*, for constitutional injuries inflicted by its employees." *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir.1999) (citation omitted). Liability may only be imposed "when execution of a government's policy or custom . . . . may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff has not made any policy allegations here. Plaintiff has in fact not made any allegations against the entities from which he seeks to recover damages.

The Court accordingly finds that a stay of Plaintiff's damages claims, as generally required under *Younger*, would be futile. Plaintiff's claims are subject to a defense which

would bar them from proceeding against the presumed defendants even after completion of Plaintiff's prosecution.  *See Nivens v. Gilchrist*, 444 F.3d 237 (4th Cir. 2006) (affirming dismissal of injunctive claims under abstention doctrine and dismissal as to damages claims on immunity grounds); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1323–24 (7th Cir. 1995) (affirming district court's dismissal injunctive claims under *Younger* and dismissal of damages claims based on immunity).

To the extent that Plaintiff has brought claims for mandamus relief, such claims are also found to be frivolous.   Federal courts lack the "power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moye v. Clerk, DeKalb Cnty Superior Court*, 474 F.2d 1275, 1276 (11th Cir. 1973).

### III.   Conclusion

For those reasons discussed above, Plaintiff's pleading shall be **DISMISSED** pursuant to both the *Younger* abstention doctrine and 28 U.S.C. § 1915A(b).   Leave to proceed *in forma pauperis* is **GRANTED** only for the purpose of **DISMISSAL**.

**SO ORDERED**, this 14th day of August, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT